LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARTA M. DONIS, on behalf of herself and
on behalf of all other persons similarly situated,

                              Plaintiff,

                                                                                        **COMPLAINT**

-against-

VISUAL CITI INC. and FAZLE ABBAS DEVJIYANI,

                              Defendants.
------------------------------------------------------------------------X

       Plaintiff, MARTA M. DONIS, on behalf of herself and on behalf of all other persons similarly situated, by and through her attorney, Peter A. Romero, Esq., complaining of the Defendant, alleges as follows:

## NATURE OF THE ACTION

       1.     Plaintiff brings this action to recover damages for sexual harassment by her supervisor under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (hereinafter "Title VII") and the New York State Human Rights Law, N.Y. Executive Law §290 et seq. (hereinafter ("NYSHRL").

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. This action properly lies in the United States District Court for the Eastern District of New York pursuant to 42 U.S.C. 2000e-5(f)(3) because the unlawful discriminatory conduct occurred within the County of Suffolk in the State of New York.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

5. Defendant does business in the State of New York, within the Eastern District of New York, and maintains a place of business at 305 Henry Street, Lindenhurst, New York.

6. Prior to commencing this action, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") under charge number 520-2016-03283.

7. On January 30, 2017, the EEOC issued a Dismissal and Notice of Right to Sue.

8. Plaintiff commenced this action within ninety (90) days of the receipt of the Notice of the Right to Sue attached hereto as Exhibit "A."

## PARTIES

9. Plaintiff, MARTA M. DONIS, is a female.

10. At all times relevant to the complaint, Plaintiff, MARTA M. DONIS, was an "employee" within the meaning of 42 U.S.C. §2000e(f), a "person" within the meaning of Section 292(1).

11. At all times relevant, the Defendant, VISUAL CITI INC., is a domestic business corporation.

12. At all times relevant, the Defendant, VISUAL CITI INC., was and still is an "employer" within the meaning of 42 U.S.C. 2000e(b) and Section 292(5) of the NYSHRL.

13. At all relevant times, Defendant FAZLE ABBAS DEVJIYANI ("DEVJIYANI") is and was a shareholder and/or Chief Executive Officer of Defendant VISUAL CITI INC.

14. The Defendant DEVJIYANI has authority to make payroll and personnel decisions for VISUAL CITI INC.

15. The Defendant DEVJIYANI is active in the day to day management of VISUAL CITI INC., including the payment of wages to the Plaintiff and Class Members and determining what wages were paid to Plaintiff and Class Members.

16. As a result of his position as an owner and/or officer of VISUAL CITI INC., Defendant DEVJIYANI is liable to Plaintiff and Class Members as an "employer" for the unpaid wages Plaintiff and Class Members seek to recover.

## FACTUAL ALLEGATIONS

17. Defendant, VISUAL CITI INC., creates custom interior and exterior signage, window displays and fabrication.

18. Plaintiff, MARTA M. DONIS, was employed by Defendant as an Assistant Fabricator from in or about March 2014 to in or about May 2016.

19. Throughout the course of her employment with Defendant, Plaintiff MARTA M. DONIS reported directly to her supervisor, Mohammed Ludines ("Ludines").

20. Throughout the course of her employment with Defendant, VISUAL CITI INC., Plaintiff, MARTA M. DONIS, was sexually harassed by Ludines and forced to endure a severe and pervasive hostile work environment because of her sex.

21. During her employment with Defendant, VISUAL CITI INC., and during working hours, Plaintiff, MARTA M. DONIS, was repeatedly, intentionally and maliciously harassed by Supervisor Ludines. The discriminatory conduct included sexual comments, inquiries and references to sexually oriented activities.

22. Supervisor Ludines made rude, degrading and vile remarks to Plaintiff, MARTA M. DONIS, regarding sex on a daily basis. For example, Ludines often asked Plaintiff to follow him to the restroom and asked her to perform oral sex. He frequently told Plaintiff that he wanted to "fuck" her "from behind." Plaintiff, MARTA M. DONIS objected when Supervisor Ludines made these remarks and told him that his conduct offended her.

23. Supervisor Ludines also touched Plaintiff, MARTA M. DONIS, in a sexual manner. For instance, he grabbed Plaintiff from behind with a wooden stick pressed up against his pelvis and asked Plaintiff if she felt "it hard." Plaintiff, MARTA M. DONIS, objected whenever Supervisor Ludines touched her and told Ludines that his conduct offended her.

24. Supervisor Ludines grabbed and slapped Plaintiff's buttocks daily and commented, "What a big ass you have." Plaintiff, MARTA M. DONIS, objected whenever Supervisor Ludines touched her and told Ludines that his conduct offended her.

25. Supervisor Ludines told Plaintiff that he would send her home from work for a month unless she came to work "more sexy."

26. The conduct of Supervisor Ludines was intended to, and did, cause Plaintiff to feel embarrassed and humiliated.

27. Supervisor Ludines threatened to fire Plaintiff if she told anyone about his conduct or complained about his behavior.

28. On Friday, May 13, 2016, Supervisor Ludines told Plaintiff that she was required to work Saturday, May 14, 2016. As Plaintiff was leaving work at the end of her shift on May 14, 2016, Supervisor Ludines blocked her path with his car and tried to force Plaintiff into his vehicle.

29.     Plaintiff, MARTA M. DONIS, did not return to work at Defendant, VISUAL CITI INC., after May 27, 2016, because the harassment by Ludines had escalated to the point of endangering her physical safety.

30.     The harassing and discriminatory conduct of Plaintiff's supervisor resulted in the constructive discharge of her employment.

31.     Throughout the course of her employment with Defendant, VISUAL CITI INC., Plaintiff, MARTA M. DONIS, was an hourly paid employee.

32.     Throughout the course of her employment with Defendant, VISUAL CITI INC., Plaintiff, MARTA M. DONIS, and similarly situated hourly paid employees often worked in excess ten hours in a single workday.

33.     Throughout the course of her employment with Defendant, VISUAL CITI INC., Plaintiff, MARTA M. DONIS, often worked from 8:00 a.m. until 10:00 p.m.

34.     For example, during the period July 31, 2013 to August 6, 2013, Plaintiff, MARTA M. DONIS, worked a total 79.68 hours. Plaintiff's regular rate of pay was the statutory minimum rate of $7.25 per hour.

35.     Defendant failed to pay Plaintiff and other similarly situated hourly paid employees spread-of-hours pay for each day in which their spread of hours exceeded ten hours.

36.     Defendant unlawfully failed to pay Plaintiff and other similarly situated hourly paid employees proper compensation in violation of NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

37.     Defendant failed to provide written notice to Plaintiff and other similarly situated employees of their rate of pay; basis of their rate of pay; the regular pay day; the name, address

and telephone number of the employer; and other information required by Section 195 of the New York State Labor Law.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

38. Plaintiffs brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly paid employees at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

39. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

40. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as hourly paid employees at any time during the six (6) years prior to the filing of this Complaint.

41. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday, whether Defendant's general practice of

failing and/or refusing to pay spread-of-hours pay was done willfully or in reckless disregard for the law, whether Defendant failed to furnish Plaintiff and Class Members with a wage notice upon hire as required by Labor Law Section 195, and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

42. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay spread-of-hours pay. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

43. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

44. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

45. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

46. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

47. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (TITLE VII SEX DISCRIMINATION)

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff has been discriminated against on the basis of her sex.

50. Plaintiff was subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of her employment.

51. The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work.

52. The harassment of Plaintiff made it more difficult for Plaintiff to perform her job.

53.     The harassment to which Plaintiff was subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

54.     As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

55.     As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

56.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## (NYSHRL DISCRIMINATION)

57.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58.     Plaintiff has been discriminated against on the basis of her sex and gender.

59.     Plaintiff was subject to ongoing sexually offensive and humiliating conduct that altered the terms and conditions of her employment.

60.     The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work.

61.     The harassment of Plaintiff made it more difficult for Plaintiff to perform her job.

62.     The harassment to which Plaintiff was subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

63.     As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

64. As a proximate result of the discrimination and harassment described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

65. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## THIRD CLAIM FOR RELIEF
### (NYLL SPREAD-OF-HOURS PAY)

66. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants failed to pay Plaintiff and Class Members one additional hours' pay at the basic minimum wage rate for each day the spread of hours exceeded ten in violation of New York Labor Law §650 et seq. and 12 NYCRR §142-2.4.

68. Defendants' failure to pay spread-of-hours pay was willful.

69. Plaintiff and Class Members are entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (NYLL SECTION 195)

70. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants failed to provide Plaintiff and Class Members with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195 of the Labor Law.

72. Due to Defendants' failure to provide Plaintiff and Class Members with the notice required by Section 195(1) of the Labor Law, Plaintiff and Class Members are entitled to recover damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Back pay and the value of employment related benefits;

(ii.) Compensatory damages for mental anguish and emotional distress;

(iii.) Punitive damages;

(iv.) Spread-of-hours pay, liquidated damages and pre- and post-Judgment interest;

(v.) Damages pursuant to NYLL §195;

(vi.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(vii.) Certification of a Class Action pursuant to F.R.C.P. 23;

(viii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(viii) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
February 14, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: /s/ Peter A. Romero

Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

EEOC Form 161-3 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC")**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:
Marta Donis
336 Jackson Street
Apt. A
Hempstead, NY 11550

From:
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2167

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-03283 | Patrick Sanford, Federal Investigator | (212) 336-3677 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**
**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered Charge of Discrimination ("Charge"). It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this Charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this Charge.

[ ] Less than 180 days have passed since the filing of this Charge, but I have determined that it is unlikely that the EEOC will be able to complete its investigation of this Charge within 180 days from the filing of this Charge.

[X] The EEOC is terminating its investigation of this Charge.

[ ] The EEOC will continue to investigate this Charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the Charge was filed until 90 days after you receive notice that we have completed action on the Charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing its investigation of this Charge. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your Right to Sue based on the above-numbered Charge will be lost.

[ ] The EEOC is continuing its investigation of your ADEA case. However, if **60 days** have passed since the filing of this Charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the Right to Sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this Charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Berry* (signature)
Kevin J. Berry,
District Director

JAN 3 0 2017
(Date Mailed)

Enclosures(s)

cc:
**Respondent:**
Visual Citi, Inc.
305 Henry Street
Lindenhurst, NY 11757

**Respondent's Attorney:**
Jackson Lewis, P.C.
Attn: Paul Siegel, Esq.
58 South Service Rd. – Suite 250
Melville, NY 11747
(631) 247-4605

**Charging Party's Attorney:**
Law Office of Peter Romero,
103 Cooper Street
Babylon, NY 11702
(631) 257-5588